UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 15-10-HRW

HUGH DAVID NAPIER,                                                    PLAINTIFF,

v.                        MEMORANDUM OPINION AND ORDER

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final

decision of the Defendant denying Plaintiff's application for disability insurance benefits.  The

Court having reviewed the record in this case and the dispositive motions filed by the parties, and

being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the

Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for  disability insurance benefits on January 24,

2012, alleging disability beginning in December 2011, due to "heel [s]purs, copd, crushed

vertebrae, tinnitus, ptsd, compression fracture of [the] spine, numbness in legs, arms and hands,

anxiety, high blood pressure and spot on kidney" (Tr. 216).  This application  was denied initially

and on reconsideration.  Thereafter, upon request by Plaintiff, an administrative hearing was

conducted by Administrative Law Judge Jerry Meade (hereinafter "ALJ"), wherein Plaintiff,

accompanied by counsel, testified.  At the hearing, Dwight McMillion, a vocational expert

(hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 17-32).  Plaintiff was 51 years old at the time of the hearing decision and has a high school education (Tr. 217). His past relevant work experience consists of work as a security sales person and installer, hospital floor care worker and field tech for the lottery (Tr. 217-218).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr.19).

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity, mild chronic obstructive pulmonary disorder, degenerative joint disease, a history of a T12 compression fracture, degenerative disc disease of the cervical and thoracic spine, mood disorder and anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 19-21).

2

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21-24).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 30) but determined that he has the residual functional capacity ("RFC") to perform a limited range of light work with certain restrictions (Tr. 24). Specifically, the ALJ concluded that:

> The claimant can lift 20 pounds occasionally and ten pounds frequently. The claimant can push or pull to those weight limits. The claimant can perform no prolonged walking longer than 15 minutes at a time. The claimant can occasionally climb, balance, stoop, crouch, kneel, crawl and bend. The claimant cannot squat or climb ladders, ropes, or scaffolds. The claimant must avoid exposure to vibration. The claimant must avoid working at heights or around dangerous moving machinery. The claimant can understand, remember, and carry out simple instructions. The claimant must work in a low-stress job (defined as only occasional decision making required and only occasional changes in the work setting). The claimant can have frequent interaction with the public, coworkers, and supervisors. The claimant needs a handheld assistive device on uneven terrain or for prolonged ambulation.

*Id.*

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 31).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 13, 14 and 15] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Urging appeal, Plaintiff contends that the ALJ committee reversible error by not properly considering the determination of the Veteran 's Administration that he had a 40-50% disability rating.

An ALJ is not bound to accept the disability rating made by the Veterans Administration. The social security disability rules are clear:

> A decision by any ... other governmental agency about whether you are disabled ...
> is based upon its rules and is not our decision about whether you are disabled....
> We must make a disability ... determination based on social security law.
> Therefore, a determination made by another agency that you are disabled ... is not
> binding on us.

4

20 C.F.R. § 404.1504.

Moreover, while a disability rating from the Veterans Administration may be considered, the Sixth Circuit has not specified the weight such a determination should carry when determining social security disability eligibility. *Ritchie v. Social Security*, 540 Fed. Appx. 508, 510 (6th Cir. 2013).

In this case, it is clear that the ALJ was aware of the VA rating. In his decision, he cited to medical records in which the rating was discussed and, at the Administrative Hearing, stated that he had received a letter from the VA in this regard and was adding it to the record (Tr. 40). Plaintiff has not demonstrated that the RFC, as formulated by the ALJ, is inconsistent with the VA's determination; indeed, no medical source in the record, VA or otherwise, suggested that Plaintiff is more limited in his functioning that the ALJ found him to be. As such, the Court finds no error in this regard.

Plaintiff further challenges the ALJ's RFC. First, he contends that the ALJ failed to consider the impact of his obesity upon his ability to work. This argument is clearly without merit as the ALJ specifically discussed Plaintiff's weight at various points throughout the decision (Tr. 21, 25-27).

Plaintiff also asserts that the ALJ erred because he did not include in his RFC finding or hypothetical question to the vocational expert his finding that Plaintiff had moderate deficiencies of concentration, persistence, or pace. In this case, state agency psychologists opined variably that Plaintiff had mild to moderate deficiencies in sustaining concentration, persistence, or pace and remained capable of sustaining concentration and attention to perform simple, routine work

activities (Tr. 93-94, 107-08, 111-12).

It appears that Plaintiff equates the findings of a state agency physician as noted on a psychiatric review technique form ("PRFT") with an RFC finding, where, in fact, the two findings are distinct. The limitations identified in a PRFT are used to describe the severity of impairments at Step 2 and 3 of the sequential process. *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184. The ALJ should not include his PRTF findings in his RFC finding, but should convert them into functional limitations. *Id.* Here, the ALJ adequately accommodated Plaintiff's mental limitations by finding that he was restricted to simple, low stress work (Tr. 24). The ALJ was not required to include findings from his PRTF in his RFC finding or in the hypothetical question to the vocational expert, as Plaintiff appears to assert.

Further, the ALJ included an additional limitation that Plaintiff could perform only low-stress work, defined as only occasional decision-making and only occasional changes to the work setting (Tr. 24).

Therefore, the Court finds no error in this regard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This _17th_ day of February, 2016.

Signed By:

_Henry R. Wilhoit, Jr._

United States District Judge